**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAKISHA RENEE SANDERS, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:16-CR-0128-MHC-CMS-3 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:19-CV-1253-MHC-CMS |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion [Doc. 221], Respondent's response [Doc. 229], Movant's motion to amend and supplemental brief in support [Docs. 231-32], Respondent's response to the motion to amend [Doc. 236], Movant's reply to the response to the motion to amend [Doc. 240], and Movant's reply to Respondent's response to the motion to vacate [Doc. 243]. For the reasons discussed below, Movant's motion to vacate, Movant's motion to amend, and a certificate of appealability are due to be denied.

I. **Background**

The grand jury for the Northern District of Georgia indicted Movant for conspiring to commit and committing Hobbs Act robberies, in violation of 18 U.S.C. §§ 1951(a) and 2, and for firearms offenses, in violation of 18 U.S.C. §§ 924(a)(1)(A)(ii) and 2. [Doc. 51 at 1-11].[1] Movant was indicted on the following seven counts: (1) conspiracy to commit robbery; (6) robbery of a Wal-Mart Store in Dunwoody, Georgia; (7) using, carrying, and brandishing a firearm in relation to a crime of violence, the robbery of the Wal-Mart Store in Dunwoody Georgia; (8) robbery of a Citgo Food Mart in Lawrenceville; (10) robbery of a Wal-Mart Store in Riverdale, Georgia; (12) robbery of a Wal-Mart Store in Norcross, Georgia; (14) robbery of a Wal-Mart Store in Forsyth, Georgia; and (15) using, carrying, brandishing, and discharging a firearm in relation to a crime of violence, the robbery of the Wal-Mart Store in Forsyth, Georgia. [Id. at 1-4, 6-11]. On November 14, 2016, represented by Stephen R. Scarborough, Movant pleaded guilty to counts six, seven, eight, and ten. [Doc. 119; Doc. 119-1]. By judgment entered on March 16,

---

[1] The Court cites to the electronic document number and pagination for the Court's electronic filing system.

2018, the Court imposed three, concurrent thirty-month terms of imprisonment on counts six, eight, and ten and imposed a consecutive fifty-four month term on count seven, for a total eighty-four month term. [Doc. 202 at 2]. The record does not indicate that Movant filed a direct appeal.

In her March 2019 Motion to Vacate, Movant raises the following three grounds for relief: (1) counsel provided ineffective assistance by failing to argue for an offense level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility; (2) counsel provided ineffective assistance by failing to provide adequate and truthful information on acceptance into the Residential Drug Abuse Program (RDAP), and Movant did not receive a year off for RDAP participation; and (3) counsel provided ineffective assistance by failing to object to the length of Movant's sentence and a violation of Tapia.[2] [Doc. 221 at 4-7; Doc. 221-1 at 2-4].[3]

---

[2] Movant appears to refer to Tapia v. United States, 564 U.S. 319, 321 (2011) (holding that the Sentencing Reform Act "precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation.").

[3] In her conclusion, Movant states that she should have been sentenced as a minor participant. [Doc. 221-1 at 4]. Movant does not raise this issue as a ground for relief, and, further, Movant received a two-level decrease as a minor participant. [Doc. 226 at 5-6; see also PSR ¶ 88]. This matter is not further addressed.

3

In her motion to amend, Movant seeks to raise a claim that her 18 U.S.C. § 924(c) conviction should be vacated based on United States v. Davis, _ U.S. _, _, 139 S. Ct. 2319, 2336 (2019) (holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionaly vague). [Doc. 231; Doc. 232 at 1-3].[4]

## II. Standard

### A. 28 U.S.C. § 2255

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C.

---

[4] The Court notes that Movant discusses certain matters in her reply that do not pertain to her grounds for relief. [See Doc. 243]. These matters were not specified as grounds for relief in Movant's motion to vacate. Rule 2(b) of the Rules Governing Section 2255 Proceedings dictates that a § 2255 "motion must . . . specify all the grounds for relief available to the moving party[.]" Additionally, Movant did not seek to amend to add any claim other than the Davis claim in her motion to amend, [Doc. 231], leaving Respondent with no opportunity to respond to an improper attempt to raise a new claim. Accordingly, such matters are not addressed. See Barnes v. United States, 12-60011-CR, 2018 WL 2770171, at *12 (S.D. Fla. Mar. 28, 2018) (declining to consider issues raised for the first time in traverse/reply to response in § 2255 proceedings), report and recommendation adopted, CV 16-62416-CIV, 2018 WL 2770125 (S.D. Fla. June 8, 2018).

§ 2255. The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

"Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 164, 166 (1982). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th

Cir. 2015) (quoting § 2255(b)).  That is the case here, as shown in the discussion further below.

  **B.**  <u>**Ineffective Assistance of Counsel**</u>

  In her three grounds for relief, Movant asserts ineffective assistance of counsel, to which the following standard applies.  A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him.  <u>Id.</u> at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  <u>Pooler v. Sec'y, Fla. Dep't of Corr.</u>, 702 F.3d 1252, 1269 (11th Cir. 2012).

  Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690.  "Because we presume counsel was competent, [the movant] 'must establish that no competent counsel would have taken the action that his counsel did take.'" <u>Dell v. United States</u>, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting <u>Chandler v. United States</u>, 218 F.3d

6

1305, 1315 (11th Cir. 2000) (*en banc*)).  Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  Strickland applies to claims of ineffective assistance of appellate counsel, and the movant must demonstrate that counsel performed deficiently and that, if counsel had not performed deficiently, "there is a reasonable probability of a different result in the appeal had the claim been presented in an effective manner[.]"  Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 925 (2018).

### III.  Discussion

####   A.  Ineffective Assistance of Counsel on U.S.S.G. § 3E1.1

In the Guilty Plea and Plea Agreement, the government and Movant agreed, *inter alia*, that the government would recommend an acceptance-of-responsibility offense level decrease provided that Movant did not engage in conduct inconsistent with accepting responsibility, such as unlawful personal use of a controlled substance. [Doc. 119-1 at 4-6].  In the Presentence Investigation Report (PSR), the probation official recommended, based on two positive drug tests administered while Movant

was in pretrial supervision, that Movant not receive an acceptance of responsibility decrease under § 3E1.1. [PSR ¶ 108]. Both the government and Movant's counsel objected and argued that Movant should receive an acceptance or responsibility decrease. [Id.]. At the sentencing hearing, the Court sustained both objections and granted a three-level decrease for acceptance of responsibility. [Doc. 226 at 3, 7].

In seeking collateral relief, Movant argues that counsel provided ineffective assistance by failing to argue for an offense level decrease under § 3E1.1 for acceptance of responsibility. [Doc. 221-1 at 2-3]. Respondent argues that this ground fails because, among other things, it is affirmatively contradicted by the record. [Doc. 229 at 8].[5]

---

[5] In her reply, Movant presents nothing that warrants additional discussion on grounds one through three. [Doc. 243 at 2-9]. The Court notes that, at the beginning of August 2019, the Court (1) granted Movant's motion for an extension of time to file a reply (as Movant had stated that she had not received a copy of the response); (2) observed that Respondent had certified service of the response on Movant; and, (3) out of an abundance of caution, directed the Clerk of Court to forward Movant a copy of Respondent's response. [Doc. 234 at 1-2]. In her November 2019 reply to Respondent's response to the motion to vacate, Movant states that she is filing her reply although she did not receive a copy of Respondent's response. [Doc. 243 at 1]. Accordingly, the Court accepts Movant's reply.

Under <u>Strickland</u>, Ground one fails because counsel *did* object and argue that Movant should receive an acceptance of responsibility decrease. [PSR ¶ 108]. Further, the Court granted the decrease. [Doc. 226 at 3, 7]. There is no deficiency or prejudice under <u>Strickland</u>.

## B.  **Ineffective Assistance of Counsel on RDAP Advice**

In ground two, Movant argues that counsel provided ineffective assistance by failing to provide adequate and truthful information on acceptance into RDAP (counsel advised Movant that a dirty urinalysis would help her get into RDAP, and, after Movant twice tested positive for drugs, her positive drug tests were used against her in regard to acceptance of responsibility). [Doc. 221-1 at 3]. Movant also ambiguously states (in grounds three and four) that she did not receive a year off for RDAP participation.[6] [<u>Id.</u> at 3-4]. Respondent argues that Movant fails to show ineffective assistance because any alleged impact to an acceptance of responsibility

---

[6] The Court notes that, at sentencing, counsel asked that the Court recommend that Movant participate in RDAP, and the Court stated that it would so recommend but that it was only a recommendation and that the Bureau of Prisons (BOP) was responsible for deciding where Movant would serve her sentence. [Doc. 226 at 34-35].

decrease is affirmatively contradicted by the record and because the BOP governs consideration of RDAP completion. [Doc. 229 at 9].

<u>Strickland</u> again applies. Even if counsel advised Movant as she alleges, Movant fails to show prejudice. Movant received a three-level reduction for acceptance of responsibility, and the Court recommended that she participate in RDAP (Movant did not and does not object that the Court recommended RDAP). [Doc. 226 at 3, 7, 35]. As to Movant's ambiguous complaint that she did not receive a year off for RDAP participation, the BOP is responsible for administering Movant's sentence, including her participation in and credit for substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B) (governing BOP's discretionary authority to reduce term of imprisonment for completion of treatment program); see <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Movant fails to demonstrate that there is a reasonable probability that she would have received a more favorable sentence had counsel advised her differently in regard to RDAP. Ground three fails.

### C.  Ineffective Assistance of Counsel on Length of Sentence

The Court found that Movant's guideline range was fifty-one to sixty-three months on counts six, eight, and ten and that Movant was subject to a mandatory minimum and consecutive seven-year (eighty-four months) term on count seven, which yielded a range of 135-147 months. [Doc. 226 at 9]. After Movant participated in counseled sessions with the government, the government recommended a downward departure to ninety months, and Movant's counsel asked for the most lenient penalty possible. [Id. at 12, 14; Doc. 199 at 4; see also Doc. 198 at 1]. As indicated earlier, the Court imposed a total eighty-four month term. [Doc. 226 at 26]. After sentence was imposed, counsel asked the Court to recommend RDAP, as shown in the above discussion on ground two. [Doc. 226 at 34].

In her third ground, Movant argues that counsel provided ineffective assistance by failing to object to the length of her sentence and a violation of Tapia. [Doc. 221-1 at 4]. Respondent argues that Movant fails to show that counsel was deficient when the Court imposed a sentence that was far below what she otherwise would have received. [Doc. 229 at 10].

The United States Supreme Court in Tapia held that federal courts could not impose or lengthen a prison term to promote a defendant's rehabilitation. Id., 564

11

U.S. at 321. "[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . and the treatment programs (if any) in which he may participate . . . . A sentencing court can recommend that the BOP place an offender in a particular facility or program. . . . But decisionmaking authority rests with the BOP." Id. at 331-32 (citations omitted).

Under Strickland, Movant fails to show how or why counsel was deficient (1) when the record shows that, after Movant's counseled sessions with the government, the government recommended a downward departure to ninety months [Doc. 226 at 12, 14; Doc. 198 at 1] and (2) when Movant received a sentence that was considerably below the bottom of her sentencing range [id. at 9, 26]. Further, there is no indication that the Court lengthened Movant's sentence for purposes of rehabilitation, and, in fact, RDAP was brought up by counsel *after* the Court imposed sentence. [Id. at 34]. Additionally, Movant does not set forth a viable objection that counsel could or should have made or show that such objection would have had a reasonable possibility of changing the sentence that Movant received.

### D.    Motion to Amend

As indicated earlier, Movant pleaded guilty (1) to count six, the Hobbs Act robbery of the Wal-Mart Store in Dunwoody Georgia, in violation of 18 U.S.C.

§§ 1951 (a) and 2, and (2) to count seven, using, carrying, and brandishing a firearm in relation to the count six robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. [See Doc. 51 at 6-7; Doc. 119-1 at 1; Doc. 226 at 2].

Movant seeks to amend and raise a claim that her § 924(c) conviction should be vacated based on Davis, _ U.S. _, 139 S. Ct. 2319. [Doc. 231; Doc. 232 at 1-3]. Respondent states that it does not object to the timeliness of Movant's motion to amend but asserts that it should be denied as futile because the predicate offense for Movant's § 924(c) conviction was a Hobbs Act robbery conviction and "[u]nder controlling Eleventh Circuit law, Hobbs Act robbery falls squarely under § 924(c)(3)(A)'s elements or use-of-force clause." [Doc. 229 at 5 (citing In re Saint Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016), and In re Cannon, 931 F.3d 1236, 1242 (11th Cir. 2019))]. Movant replies that her conviction for conspiracy to commit Hobbs Act robberies does not qualify as a crime of violence and that she was not the principal for the substantive Hobbs Act robberies. [Doc. 240 at 5-7].

A person who "during and in relation to any crime of violence" uses, carries, or brandishes a firearm is subject to a mandatory minimum seven year term of imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii).

13

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [referred to as the use-of-force or elements clause], or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [referred to as the residual clause].

18 U.S.C. § 924(c)(3).

In Davis, the United States Supreme Court held that the residual clause in § 924(c)(3)(B) is void for vagueness. Davis, _ U.S. at _, 139 S. Ct. at 2336. A Hobbs Act robbery, however, qualifies as a crime of violence under the use-of-force or elements clause, and residual-clause concerns do not bring into question a § 924(c) conviction that is based on a substantive Hobbs Act robbery conviction (as a principal or as an aider-and-abettor). See In re Saint Fleur, 824 F.3d at 1341 ("This is because Saint Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); see also In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) ("Colon's companion conviction for aiding and abetting a Hobbs Act robbery, which was charged in the same indictment as, and makes up

14

the basis for, Colon's § 924(c) count, clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."). Following the decision in Davis, the Eleventh Circuit has reaffirmed the holding that a substantive Hobbs Act robbery qualifies as a crime of violence. Crawford v. United States, No. 18-11040, 2020 WL 916939, at *3 (11th Cir. Feb. 26, 2020) ("We have repeatedly held – Crawford concedes – that substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)."); United States v. Henderson, 17-15464, 2020 WL 65058, at *1 (11th Cir. Jan. 7, 2020) ("As this Circuit has previously recognized, Henderson's predicate offense of Hobbes Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). Thus, although the Davis Court invalidated the residual clause in § 924(c)(3)(B), Henderson's conviction remains valid."); In re Cannon, 931 F.3d at 1242 ("[The] substantive Hobbs Act robbery . . . [is a] qualifying predicate[] without resort to § 924(c)(3)(B)'s now-void residual clause."); see also United States v. Nelson, 761 F. App'x 917, 919-20 and n.1 (11th Cir. 2019) (acknowledging residual clause issue in Davis, which was then pending in the United States Supreme Court, and reaffirming that a substantive Hobbs Act robbery conviction (as a principal or aider-and-abettor) qualifies as a crime of

15

violence under the use-of-force or elements clause), cert. denied, _ U.S. _, 140 S. Ct. 469 (2019).

Here, Movant incorrectly states that a conspiracy conviction was the predicate conviction for her § 924(c) conviction. Movant did not plead guilty to the conspiracy count, she pleaded guilty to three substantive robbery counts and a §924(c) count. The predicate conviction for the § 924(c) count was the substantive Hobbs Act robbery in count six. [See Doc. 51 at 6-7; Doc. 119-1 at 1; Doc. 226 at 2]. Aiding and abetting a substantive Hobbs Act robbery is itself a crime of violence. See In re Colon, 826 F.3d at 1305. Movant's motion to amend should be denied because a Davis challenge to Movant's § 924(c) conviction would be futile.

## IV.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's

16

assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that she is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [Doc. 221] to vacate, set aside, or correct her federal sentence, Movant's motion to amend [Doc. 231], and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 24th day of March, 2020.

_Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE